UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. 11-50031-JLV |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| LEONARD CHASE ALONE, JR., ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

Defendant Leonard Chase Alone, Jr., filed a motion to suppress statements obtained by law enforcement. (Docket 17). Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's case management order (Docket 14), Magistrate Judge Veronica L. Duffy held a hearing on this matter and issued a report and recommendation. (Docket 32). The magistrate judge recommended denying the motion to suppress defendant's statement given on March 2, 2011, to FBI Agents Rice and Blackburn. Id. Defendant timely filed objections to the report and recommendation. (Dockets 36). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

For the reasons stated below, defendant's objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

## DISCUSSION

**A.    Magistrate Judge's Findings of Fact**

Defendant does not object to the magistrate judge's findings of fact. (Docket 36, p. 1).  The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**B.    Magistrate Judge's Conclusions of Law**

Defendant objects to the magistrate judge's conclusions of law and recommendations relating to the statements obtained from the defendant for the following reasons:

1.    His statement to the FBI was not voluntary;

2.    Any waiver of his Miranda[1] rights was not made in a knowing, voluntary, and intelligent fashion; and

3.    His Sixth Amendment right to counsel was violated pursuant to United States v. Red Bird, 287 F.3d 709 (8th Cir. 2002).

(Docket 36).  Each of these objections will be addressed separately.

### 1.    STATEMENT TO THE FBI WAS NOT VOLUNTARY

Because the defendant did not object to the magistrate judge's findings of fact, those facts will not be restated and are incorporated by reference.  The arguments made by defendant in support of his objections to the magistrate

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

judge's conclusions of law and recommendations are the same arguments made to the magistrate judge before issuance of her report and recommendation.  See Dockets 18 and 31.

Because Mr. Chase Alone, Jr., was of "limited intellect" and in tribal court custody for a number of tribal violations, including a charge of sexual abuse which was being investigated by the FBI agents, he argues under the totality of the circumstances the statements given to the FBI agents on March 2, 2011, were involuntary.  (Docket 36, p. 2).  This argument is premised on his belief the FBI agents gave him "confusing information" regarding the consequences which would occur following any statement he provided.  Id.

"In considering whether a confession was voluntary, the determinative question is whether the confession was extracted by threats, violence, or promises (express or implied), such that the defendant's will was overborne and his . . . capacity for self-determination was critically impaired."  United States v. Pierce, 152 F.3d 808, 812 (8th Cir. 1998).  The court must look to the totality of the circumstances, "including the conduct of the law enforcement officials and the defendant's capacity to resist any pressure."  Id.

At the suppression hearing, Agent Rice testified Mr. Chase Alone, Jr., told the agents he had dropped out of the ninth grade because he had fallen two years behind in reading and math.  (Docket 27, p. 31:5-11).  At the suppression hearing, Mr. Chase Alone, Jr., testified he did not tell the FBI

3

agents he had been in the special education program in school. Id. at p. 71:19-23.

Before beginning the interview process, Agent Rice informed Mr. Chase Alone, Jr., that while he was in tribal custody, the FBI agents were not going to arrest him or take him into their custody that day. Id. at p. 33:17-20. He told the agents he understood he was not getting out of jail. Id. at lines 22-23.

During his discussion of the Miranda rights waiver form, Suppression Hearing Exhibit 1, Mr. Chase Alone, Jr., indicated to Agent Rice he understood what was being read to him and initialed each item to indicate he understood each provision. Id. at p. 17:2-8. At the bottom of the written waiver of rights, Mr. Chase Alone, Jr., signed the form, indicating he wanted to speak with the agents. Id. at lines 13-23.

The court agrees with the magistrate judge's conclusion there was no evidence introduced at the suppression hearing to suggest that Mr. Chase Alone, Jr., "suffered from any condition or infirmity that made him especially susceptible to pressure from law enforcement or that the agents were aware of any special weakness and acted to exploit that weakness." (Docket 32, p. 20). In reviewing the transcript of the suppression hearing, the court agrees that while Mr. Chase Alone, Jr., is uneducated, he is not unintelligent. Throughout his testimony at the suppression hearing he was "articulate and well-spoken." Id.

While his tribal lay advocate may have told him to talk with the FBI and then he would be released from custody, Mr. Chase Alone, Jr., admitted neither FBI agent told him he would be released.  In fact, Mr. Chase Alone, Jr., testified that while the FBI might not be holding him, there was nothing the agents could do about the tribal charges on which he was being held.  Id. at p. 76:12-15.  Any perception he would be released was conceived by Mr. Chase Alone, Jr., himself or as the result of his discussion with his tribal lay advocate.  The agents were very clear Mr. Chase Alone, Jr., was not going to get out of jail that day because he spoke with them.  The FBI agents did not coerce him and they were not aware of any outside coercion, which they might have then exploited.  Colorado v. Connelly, 479 U.S. 157,165-67 (1986).

The court finds Mr. Chase Alone, Jr., did not have any susceptibilities which caused his free will to be overtaken.  Even if he was susceptible, there is no evidence the FBI agents were aware of that condition or acted to exploit any weaknesses.  See United States v. LeBrun, 363 F.3d 715 (8th Cir. 2004) (*en banc*).  The court finds Mr. Chase Alone, Jr.'s statement to the FBI agents was voluntary and the defendant's objection to the report and recommendation on this basis is overruled.

    **2.**    **WAIVER OF MIRANDA RIGHTS**

Coupled with his first objection, Mr. Chase Alone, Jr., asserts his waiver of Miranda rights was not a knowing, voluntary, and intelligent waiver.

5

(Docket 36, pp. 2-3). The government is required to show Mr. Chase Alone, Jr., was advised of his Miranda rights, understood those rights, and then chose to make an uncoerced statement. Berghuis v. Thompkins, ___ U.S. ___, 130 S. Ct. 2250, 2261-62 (2010). Whether Mr. Chase Alone, Jr., effectively waived his Miranda rights requires two inquiries:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

United States v. Jones, 23 F.3d 1307, 1313 (8th Cir. 1994) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The court concluded there was a voluntary waiver of his Miranda rights, so the only remaining inquiry is whether Mr. Chase Alone, Jr., was aware of the "nature of the right being abandoned and the consequences of the decision to abandon it." Jones, 23 F.3d at 1313.

Mr. Chase Alone, Jr., did not appear to have any cognitive difficulties or misunderstand his Miranda rights when the waiver of rights form was discussed with him. (Docket 27, p. 18:1-6). His responses to Agent Rice and his testimony at the suppression hearing disclose a young man who comprehended the simple, plain English explanation of his rights and the consequences if he chose to speak with the law enforcement officers. He did not have any difficulty reading the waiver form and did not need any help

understanding the words used in the form. Id. at p. 74:3-7. At the suppression hearing he did not testify he did not understand his Miranda rights or the consequences of a waiver of those rights.

The court finds Mr. Chase Alone, Jr., had sufficient intellect to understand his Miranda rights and then made a knowing, intelligent and voluntary waiver of those rights before he began the interview process. Defendant's objection on this basis is overruled.

### 3. SIXTH AMENDMENT RIGHT TO COUNSEL

Defendant asserts the magistrate judge failed to properly apply United States v. Red Bird, 287 F.3d 709 (8th Cir. 2002) and should have found his Sixth Amendment right to counsel was violated. (Docket 36, p. 3). In Red Bird, the defendant was arrested on tribal charges, arraigned before the tribal court and appointed an attorney to represent him. This attorney was licensed in both tribal and federal court. Red Bird, 287 F.3d 714. Because the federal agents who interviewed Mr. Red Bird were aware of the attorney-client relationship on the same charges the agents were investigating, the court concluded Mr. Red Bird was "entitled to the protections of the Sixth Amendment." Id.

Mr. Chase Alone, Jr., was charged in Oglala Sioux Tribal Court with an offense of sexual abuse, the same incident which the FBI agents were investigating. (Docket 27, p. 30:6-8). "The Sixth Amendment right to counsel

is offense specific." Red Bird, 287 F.3d at 714 (citing McNeil v. Wisconsin, 501 U.S. 171, 175 (1991)). The "tribal rape charge [had] identical essential elements when compared with the later federal charges filed. . . . the federal and tribal complaints charge the same offense for Sixth Amendment purposes." Id. at 715 (internal citation and quotation marks omitted).

The agents testified they knew he was in tribal jail on the sexual abuse charge and other tribal charges. (Docket 27, pp. 10:12-16 & 82:24-83:1). There is no evidence in this record as to the exact tribal charge or any evidence upon which the court could conclude the tribal charges were similar to, or had the same elements as, the federal crime of sexual abuse. Red Bird, 287 F.3d at 715.

Critical to the court's analysis in Red Bird was the knowledge of the FBI agent that Mr. Red Bird was represented by an attorney in tribal court on the charge the agent was investigating. Id. at 714. While Mr. Chase Alone, Jr., knew that Ken Bordeaux, an Oglala Sioux Tribal Court lay advocate, was representing him on the tribal court charges, there is no evidence that either Agent Rice or Agent Blackburn knew of the existence of that relationship. This lack of knowledge by the FBI agents is fatal to the application of Red Bird to Mr. Chase Alone, Jr.'s, claim.

Even assuming the FBI agents knew Mr. Chase Alone, Jr., was represented by Mr. Bordeaux in tribal court, the defendant failed to present

8

any evidence Mr. Bordeaux was an attorney licensed by the state of South Dakota, admitted to federal practice or admitted as a licensed attorney in any other jurisdiction. It has been a longstanding precedent in the District of South Dakota that a lay advocate does not constitute "counsel" for Sixth Amendment purposes. See United States v. Perez, No. CR 08-50033-KES, 2009 WL 363618, at *2 (D.S.D. Feb. 12, 2009); United States v. Cottier, No. CR 08-50050-AWB, 2009 WL 473236, at *3 (D.S.D. Feb. 24, 2009); United States v. Tools, No. CR 07-30109-KES, 2008 WL 2595249, at *6 (D.S.D. June 27, 2008); United States v. Killeaney, No. CR 07-300630-01-KES, 2007 WL 4459348, at *5 (D.S.D. Dec. 17, 2007); United States v. Dupris, 422 F. Supp. 2d 1061, 1068 (D.S.D. 2006).

"There is a clear distinction between licensed legal counsel and lay representation under the Sixth Amendment." Killeaney, 2007 WL 4459348, at *5 (referencing Wheat v. United States, 486 U.S. 153, 159 (1988)). "The United States Supreme Court did not extend the Sixth Amendment to encompass the right to be represented before the bar of a court by a layman." Id. (citing Wheat 486 U.S. at 159).

Defendant argues the Tribal Law and Order Act of 2010[2] (the "2010 Act") changes the status of a lay advocate in tribal court. (Docket 36, p. 5). He fails

---

[2]Tribal Law and Order Act of 2010, P.L. 111-211, Title II, July 29, 2010, 124 Stat. 2281.

to specifically cite to any section of the 2010 Act in support of his argument.

Id.

A review of the 2010 Act, codified at 25 U.S.C. § 1301 et seq., discloses only a couple of references which are relevant to the analysis in this case. Those sections provide the following:

>  (a) In general.  No Indian tribe in exercising powers of self-government shall--
>  . . .
>>  (6) deny to any person in a criminal proceeding the right to a speedy and public trial, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and at his own expense to have the assistance of counsel for his defense (except as provided in subsection (b));
>  . . .
>  (b) Offenses subject to greater than 1-year imprisonment or a fine greater than $5,000.  A tribal court may subject a defendant to a term of imprisonment greater than 1 year but not to exceed 3 years for any 1 offense, or a fine greater than $5,000 but not to exceed $15,000, or both, if the defendant is a person accused of a criminal offense who--
>
>>  (1) has been previously convicted of the same or a comparable offense by any jurisdiction in the United States; or
>>
>>  (2) is being prosecuted for an offense comparable to an offense that would be punishable by more than 1 year of imprisonment if prosecuted by the United States or any of the States.
>
>  (c) Rights of defendants.  In a criminal proceeding in which an Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of more than 1 year on a defendant, the Indian tribe shall--

> (1) provide to the defendant the right to effective assistance of counsel at least equal to that guaranteed by the United States Constitution; and
>
> (2) at the expense of the tribal government, provide an indigent defendant the assistance of a defense attorney licensed to practice law by any jurisdiction in the United States that applies appropriate professional licensing standards and effectively ensures the competence and professional responsibility of its licensed attorneys. . . .

25 U.S.C. § 1302.

As the Oglala Sioux Tribe is an Indian Tribe exercising powers of self-government, § 1302(a)(6) allows a tribal defendant the right to hire an attorney at his own expense. If he cannot afford an attorney, the tribe is only required to provide an attorney under the specific provisions of § 1302 (b). The subsection (b) exception, when read in conjunction with subsection (c), requires the tribal court, at the tribe's expense, to provide a tribal defendant an attorney if the offense charged carries a potential term of imprisonment greater than 1 year up to 3 years and/or a fine greater than $5,000 up to a maximum of $15,000. 25 U.S.C. §§ 1302(b) & (c). In that event, the attorney provided at tribal expense must be "licensed to practice law by any jurisdiction in the United States that applies appropriate professional licensing standards and effectively ensures the competence and professional responsibility of its licensed attorneys." 25 U.S.C. § 1302(c)(2).

The Oglala Sioux Tribal Code establishes 180 days in jail and/or a fine of $500 as the maximum punishment for any crime of a sexual assault nature. See Sections 103, 104, 104.1, and 104.2 of the Oglala Sioux Tribal Law and

Order Code (1996). The 2010 Act does not compel the Oglala Sioux Tribe or its tribal court system to provide a licensed attorney to a tribal defendant with these maximum sentences. There is nothing in the 2010 Act which would modify the current status of the law in the Court of Appeals for the Eighth Circuit or the rulings of district courts in the District of South Dakota.

The evidence adduced at the suppression hearing proved Mr. Bordeaux is a lay advocate and not a licensed attorney. In that status, Mr. Bordeaux does does not qualify as "counsel" within the meaning of the Sixth Amendment. The interview by the FBI agents did not run afoul of the Eighth Circuit's ruling in Red Bird. Defendant's objection on this basis is overruled.

## CONCLUSION

Based on above analysis, is hereby

ORDERED that defendant's objections to the report and recommendation (Docket 36) are overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 32) is adopted by the court.

IT IS FURTHER ORDERED that defendant Chase Alone, Jr.'s, motion to suppress his statements to FBI Agents Rice and Blackburn on March 2, 2011, (Docket 17) is denied.

Dated July 12, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE